1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ITMEDIA SOLUTIONS LLC,<br>DEV.XYZ LLC, TEAM.XYZ LLC,<br>123 LLC, XYZ LLC, GREAT LLC,<br>General LLC, MEDIA LLC,<br>ADV MARKET DIRECT LLC,<br>Direct Ad Sales LLC,<br>MARKETING SOLUTIONS 33 LLC,<br>DEC MKT LLC, Ads Full3 LLC,<br>Sunset Marketing Services LLC,<br>Arrow Eagle, LLC, Arrow Hawk, LLC,<br>Gen Ads, LLC, Michael Ambrose,<br>Daniel Negari, Jason Ramin,<br>Grant Carpenter, Anisha Hancock,<br>and Sione Kaufusi.<br><br>    Defendants. | Case No. 2:22-cv-00073<br><br>[Proposed]<br>**STIPULATED ORDER FOR<br>PERMANENT INJUNCTION<br>AND JUDGMENT** |

Plaintiff, the Federal Trade Commission ("Commission" or "Plaintiff"), filed its Complaint for Civil Penalties, Permanent Injunction, and Other Equitable Relief ("Complaint"), for a permanent injunction, civil penalties, and other equitable relief in this matter, pursuant to Sections 13(b) and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 56(a)(1). Plaintiff and Defendants stipulated to the entry of this Stipulated Order for Permanent Injunction and Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive, unfair, and unlawful acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); and Sections 604 and 607 of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b and 1681e, in the course of their lead generation activities.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.   "**Consumer Report**" means any written, oral, or other communication of any information by a Consumer Reporting Agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for

    1.   credit or insurance to be used primarily for personal, family, or household purposes;

    2.   employment purposes; or

    3.   any other Permissible Purpose.

B.   "**Consumer Reporting Agency**" means any Person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports.

C.   "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

    1.   "**Corporate Defendants**" means ITMEDIA SOLUTIONS LLC, DEV.XYZ LLC, TEAM.XYZ LLC, 123 LLC, XYZ LLC, GREAT LLC, General LLC, MEDIA LLC, ADV MARKET DIRECT LLC, Direct Ad Sales LLC, MARKETING SOLUTIONS 33 LLC, DEC

MKT LLC, Ads Full3 LLC, Sunset Marketing Services LLC, Arrow Eagle, LLC, Arrow Hawk, LLC, Gen Ads, LLC, and their successors and assigns.

2. **"Individual Defendants"** means Michael Ambrose, Daniel Negari, Grant Carpenter, Jason Ramin, Anisha Hancock, and Sione Kaufusi.

D. **"Financial Product or Service"** means any product, service, plan, or program represented, expressly or by implication, to

    1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving a loan or other extension of credit;

    2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving credit, debit, or stored value cards;

    3. improve, repair, or arrange to improve or repair any consumer's credit record, credit history, or credit rating; or

    4. provide information about or provide assistance to improve any consumer's credit record, credit history, or credit rating.

E. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

F. **"Permissible Purpose"** means

    1. in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

    2. for employment purposes; or

3. in connection with the underwriting of insurance involving the consumer; or

4. in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

5. in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

6. otherwise in connection with a legitimate business need for the information

   i. in connection with a business transaction that is initiated by the consumer; or

   ii. to review an account to determine whether the consumer continues to meet the terms of the account.

G. "**Personal Information**" means information from or about an individual consumer including but not limited to the following: (1) a first name and last name; (2) a home or other physical address, including street name and name of city or town; (3) an email address or other online contact information; (4) a telephone number; (5) a Social Security number; (6) a driver's license number or other government-issued identification number; (7) a financial institution account number; (8) credit or debit card information; (9) precise geolocation data of an individual or mobile device, including but not limited to GPS-based, WiFi-based, or cell-based location information; or (10) an authentication credential, such as a username and password.

1  H.  "**Sensitive Personal Information**" means any of the following about a
2  consumer:   (1) a Social Security number; (2) financial institution account number;
3  (3) credit or debit card information; (4) taxpayer identification number;
4  (5) passport number; (6) a driver's license number or other government-issued
5  identification number; (7) date of birth (other than year); (8) any other information
6  by which a consumer's financial account can be accessed, or by which a consumer
7  might be charged for goods or services, including through third parties such as
8  telecommunications carriers.

## ORDER

### I.  PROHIBITED MISREPRESENTATIONS

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or selling of any product or service, are permanently restrained and enjoined from:

A.  misrepresenting or assisting others in misrepresenting, expressly or by implication,

    1.  the entities and types of entities with which Defendants will share consumers' Personal Information, and for what purpose;

    2.  that Defendants will assist consumers in obtaining a loan;

    3.  that a product or service is available without regard for a consumer's credit score or history; or

      4.      any other fact material to consumers, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of the product or service's performance, efficacy, nature, or central characteristics; and

B.    making any representation, expressly or by implication, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that is sufficient to substantiate that the representation is true.

## II.   INJUNCTION CONCERNING THE SALE, TRANSFER, OR DISCLOSURE OF SENSITIVE PERSONAL INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from, or assisting others in, selling, transferring, or otherwise disclosing a consumer's Sensitive Personal Information to any Person, *unless* the consumer has requested a Financial Product or Service; and

A.    the sale, transfer, or disclosure is necessary for a third party to provide the requested Financial Product or Service;

B.    Defendants have the consumer's express, informed consent for the sale, transfer, or disclosure; and

C.    Defendants have complied with Section III.A and Section III.B for that Person.

*Provided*, however, that this Section II shall not place conditions on Defendants transferring or otherwise disclosing a consumer's Sensitive Personal Information to the extent necessary to process payment for any product or service sold by Defendants directly to that consumer and for which Defendants have the consumer's express, informed consent for that sale.

## III. REQUIRED SCREENING OF RECIPIENTS OF SENSITIVE PERSONAL INFORMATION

IT IS FURTHER ORDERED that Defendants shall establish, implement, and maintain procedures to verify the legitimate need for and monitor the use of consumers' Sensitive Personal Information by any Person to whom Defendants sell, transfer, or disclose such information, including:

A. Obtaining from each Person a signed and dated certification stating

1. the name and nature of the Person's business(es), including the purpose(s) for obtaining consumers' Sensitive Personal Information; the Person's physical address(es) for conducting business; trade names; online sites and profiles; and licenses or registrations;

2. a confirmation that the Person will not use, sell, transfer, or otherwise disclose the Sensitive Personal Information it receives from Defendants for any purpose other than to provide the Financial Product or Service requested by the consumer;

3. a description of any individuals or entities to which the Person will or may sell, transfer, or otherwise disclose consumers' Sensitive Personal Information that includes: (i) any and all purposes for which those individuals or entities may use the such information; and

        (ii) measures implemented by those individuals or entities for safeguarding Sensitive Personal Information, including secure transmission and storage.

    Defendants must obtain from each Person a new certification annually and upon any material change in the nature of the Person's business or of the purpose(s) for which the Person would use consumers' Sensitive Personal Information.

B.    Conducting reasonable procedures to verify the information provided in the certification described in Subsection A, including reviewing and confirming the Person's physical addresses, online sites and profiles, and licenses and registrations; and that the Person's identity, advertising, lines(s) of business, and purpose(s) for obtaining consumers' Sensitive Personal Information relate to providing Financial Products or Services.

C.    Conducting reasonable ongoing procedures to monitor that each Person to whom Defendants sell, transfer, or disclose a consumer's Sensitive Personal Information is using it solely to provide the consumer with a Financial Product or Service, including by conducting periodic audits that involve examining information and documents from the Person and third parties to which the Person will or may sell, transfer, or otherwise disclose consumers' Sensitive Personal Information to verify the ongoing accuracy of the certification described in Subsection A, and investigating any legal actions, complaints, or reports of which Defendants have notice and that indicate misuse of Sensitive Personal Information.

D. Immediately desisting from disclosing any consumer's Sensitive Personal Information to the Person if Defendants receive information, pursuant to procedures required by this Order, or otherwise, indicating that:

 1. a certification provided by the Person was false, misleading, or materially erroneous;
 2. the Person has used Sensitive Personal Information for any purpose other than to provide a consumer with a Financial Product or Service; or
 3. the Person will not use the Sensitive Personal Information solely to provide the consumer with a Financial Product or Service.

*Provided*, however, that this Section III does not apply to Persons to whom Defendants disclose a consumer's Sensitive Personal Information solely for the purpose of processing a payment for a product or service sold by the Defendants directly to that consumer and for which the Defendants have the consumer's express, informed consent for that sale.

*Provided further* that Section III.D does not prohibit Defendants from resuming disclosure of Sensitive Personal Information to a Person if a reasonable investigation determines (i) the information that required Defendants to immediately desist disclosure was inaccurate or (ii) the Person used Sensitive Personal Information for any purpose other than to provide a consumer with a Financial Product or Service because of (a) an inadvertent error that the Person has demonstrated was unintentional and occurred notwithstanding the maintenance of procedures reasonably designed to avoid such errors and prevent the recurrence of similar errors; or (b) the conduct of an individual acting without the Person's

authorization and the Person has implemented reasonable and appropriate procedures to prevent a similar unauthorized action from recurring.

## IV.   PROHIBITIONS CONCERNING CONSUMER REPORTS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons or entities in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A.   using or obtaining a Consumer Report for a purpose other than a Permissible Purpose;

B.   for any Consumer Report that Defendants procure for purposes of reselling the Consumer Report or any information in the Consumer Report, failing to disclose to the Consumer Reporting Agency that originally furnishes the Consumer Report:

    1.   the identity of the end-user of the Consumer Report (or information); and

    2.   each Permissible Purpose for which the Consumer Report (or information) is furnished to the end-user of the Consumer Report (or information);

C.   failing to establish and comply with reasonable procedures designed to ensure that a Consumer Report or any information in the Consumer Report is resold only for a Permissible Purpose including by requiring that each person to which the Consumer Report or any information in the Consumer Report is resold:

(i) identifies each end user of the resold Consumer Report (or information);

(ii) certifies each purpose for which the Consumer Report (or information) will be used; (iii) certifies that the Consumer Report (or information) will be used for no other purpose; and

D.  before reselling any Consumer Report or any information in the Consumer Report, failing to make reasonable efforts to verify the identifications and certifications described in Paragraph IV.C including, if the Consumer Report or information is sold to a Person to provide a Financial Product or Service to the Consumer, failing to conduct the procedures described in Section III.A and Section III.B for that identified end user.

*Provided,* however, that this Section IV does not apply to a consumer's self-reported account of the consumer's credit score or score range.

## V.  MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A.  Judgment in the amount of One Million Five Hundred Thousand Dollars ($1,500,000) is entered in favor of the Plaintiff against Individual Defendants and Corporate Defendants, jointly and severally.

B.  Defendants are ordered to pay to Plaintiff One Million Five Hundred Thousand Dollars ($1,500,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants agree that the judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendants, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

E. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons or entities in

active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A. disclosing, using, or benefitting from Personal Information of any Person that any Defendant obtained prior to entry of this Order in connection with lead generation activities; and

B. failing to destroy such Personal Information in all forms in their possession, custody, or control within 30 days after entry of this Order. The information shall be destroyed by a means that protects against the unauthorized access to the information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the information cannot practicably be read or reconstructed;

C. failing, within 30 days after entry of this Order, to instruct each entity that received Personal Information that Defendants distributed in connection with lead generation activities prior to entry of this Order to (i) destroy any such Personal Information in the entity's possession, custody, or control by a means that protects against the unauthorized access to the information; and (ii) notify Defendants within 30 days after receiving such instruction that such Personal Information was destroyed or explain why the entity did not destroy the Personal Information. *Provided,* however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 10 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. Ninety days after entry of this Order, Defendants must submit a compliance report, sworn under penalty of perjury, describing in detail their compliance with the Section titled Customer Information. The report shall include the identity of each entity that Defendants instructed to delete Personal Information in accordance

with Section VIII.C, and a statement setting forth in detail such entity's response to Defendants, if any, including, but not limited to, whether such entity deleted the Personal Information and, if not, any explanation provided for why the entity did not delete the Personal Information it obtained from Defendants.

B. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in

detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

C. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

D. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

E. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed

on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

F.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC, 20580.  The subject line must begin:  *FTC v. ITMEDIA SOLUTIONS LLC, et al*.

## X.   RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants, in connection with the collection or sale of Personal Information or providing a Financial Product or Service, and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.  proof of each consumer's express, informed consent to the sale, transfer, or disclosure of that consumer's Sensitive Personal Information, which shows the consumer's name and contact information; and the time, place, and method of consent;

B.  accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

C.  personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's:  name; addresses; telephone numbers;

job title or position; dates of service; and (if applicable) the reason for termination;

D.     complaints and refund requests relating to advertising, marketing, promotion, offering for sale, or selling of a Financial Product or Service, whether received directly or indirectly, such as through a third party, and any response;

E.     all records necessary to demonstrate full compliance with each provision of this Order, including all certifications and other documentation related to Section III, and all submissions to the Commission; and

F.     a copy of each unique advertisement or other marketing material relating to advertising, marketing, promotion, offering for sale, or selling of a Financial Product or Service.

## XI.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission each Defendant must:   submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.   Defendant must permit representatives of the Commission to interview any employee or other person

affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any Consumer Reporting Agency must furnish Consumer Reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated: _____

_____
Dale S. Fischer, United States District Judge